IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NATIONAL FIRE INSURANCE OF HARTFORD as Subrogee of Suram Trading Corporation,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)   8:06CV421 |
| vs. | )<br>)   **ORDER** |
| **MILLARD REFRIGERATED SERVICES, INC.,** | )<br>)<br>) |
| **Defendant.** | ) |

This matter is before the court on motions to intervene filed by Certain Underwriters at Lloyd's of London, as subrogee of Icicle Seafoods, Inc. [51] and Hartford Casualty Insurance Company, as subrogee of Global Fishing, Inc. [54]. Rule response time has passed, and no objections have been filed.

Intervention in a federal lawsuit is governed, first, by Article III of the United States Constitution, which gives the court power to decide actual cases and controversies, and second, by Fed. R. Civ. P. 24 which provides, in relevant part:

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Upon review of the proposed complaints in intervention, I find that the applicants' claims have questions of law and fact in common with those asserted in the main action. I further find that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

**IT IS ORDERED** that the Motions to Intervene [51] and [54] are granted. The intervening plaintiffs are given until and including January 19, 2007 to file and serve their Complaints.

**DATED December 18, 2006.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**